11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kenneth Mac
Gray, Jr.

Appellant

Vs.                   Nos. 11-01-00148-CR,
11-01-00149-CR, & 11-01-00150-CR 
--  

Appeals
from Dallas County

State of Texas

Appellee

 

After
Kenneth Mac Gray, Jr. waived his right to a jury trial, a bench trial was
held.  The trial court convicted
appellant of the offenses of aggravated sexual assault[1]
(Cause No. 11-01-00148-CR), assault causing bodily injury with a prior domestic
violence conviction[2] (Cause
No. 11-01-00149-CR), and aggravated assault[3]
(Cause No. 11-01-00150-CR).  In each
case, appellant pleaded true to one enhancement allegation.  In the aggravated sexual assault and the
aggravated assault causes, the trial court made an affirmative deadly weapon
finding.  Upon convicting appellant, the
trial court assessed his punishment in each cause at confinement for 15 years
and fine of $1,000.  We modify and
affirm. 








In his
sole point of error, appellant contends that fundamental error existed based
upon the insufficiency of the evidence. 
In his argument, appellant contends that he is entitled to an acquittal
because the evidence supports an inference other than his guilt:  that he and the complainant had consensual
sex.  Although the evidence does support
such an inference, appellant is mistaken regarding the controlling law.  In 1991, the Court of Criminal Appeals
overruled the case doctrine relied upon by appellant as the test for an
evidentiary sufficiency analysis.  Geesa
v. State, 820 S.W.2d 154, 161 (Tex.Cr.App.1991), overruled on other grounds,
Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App.2000).  

Therefore,
we will address appellant=s sufficiency challenge under the appropriate standard of review.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  

The record
shows that the complainant was appellant=s estranged wife and that the two had a rather tumultuous relationship
in which both were guilty of violence. 
Appellant had prior convictions for assaulting the complainant.  The present convictions arise from one
incident which is detailed by the complainant in the record.  The complainant testified that she went to
appellant=s apartment one morning to pick up some money
that he owed her.  She stated that they
talked for about ten minutes and that, when she walked toward him to get the
money, he shoved her into the bedroom. 
Appellant reached down and grabbed a steak knife.  He told her to shut up and threatened to
kill her.  Appellant threw the
complainant on his bed, held the knife to her, and choked her until she almost
passed out.  He then tied her wrists
behind her back with a long shoestring. 
The complainant feared that appellant would kill her.  She stalled for time by telling appellant
that she was thirsty.  They went to the
kitchen, and appellant got the complainant something to drink.  With the knife still in his hand, appellant
then led the complainant to the sofa where he unplugged the phone, pulled down
his pants, sat down, forced her to her knees, and made her perform Aoral sex@ on him.  The complainant
testified that appellant=s sexual organ penetrated her mouth. 
Appellant then pulled the complainant up, pulled her panties down,
pulled her on top of him, and Aput himself inside of [her].@  The complainant testified that
appellant=s sexual organ penetrated her vagina.  Shortly after getting dressed, the
complainant was able to escape.  








The
complainant called her mother and her aunt from her car.  The complainant=s aunt testified at trial that, when she
called, the complainant was crying, hysterical, and very upset.  The complainant called 911 from her aunt=s house and was told to contact the police
department having jurisdiction in the location where the offense occurred.  The complainant=s aunt dissuaded her from calling the police
that day and suggested that perhaps the complainant could live with what had
happened.  The complainant, after
spending the night in fear of what appellant might do next, reported the
incident to the proper authorities the morning after the offense.  Neither the police nor the complainant=s aunt noticed any visible physical injuries
on the complainant.  As a result of
appellant choking her, the complainant continued to have pain in her throat and
difficulty swallowing.  Several days
after the offense, she sought treatment for her throat from a physician.  

Appellant
testified at trial that there was no knife involved and that the complainant
consented to the sexual relations they had on the day in question.  The trial court, as the trier of fact, was
free to disbelieve appellant=s testimony and accept the complainant=s testimony.  We hold that the
evidence is legally sufficient to support each of appellant=s convictions.  The point of error is overruled. 

The State
requests that we modify the judgments which incorrectly reflect that the terms
of a plea bargain were Aopen.@  The
judgments accurately reflect that appellant pleaded not guilty.  There was no plea bargain.  Consequently, we grant the State=s request and order that the judgments be
modified to reflect that the terms of a plea bargain agreement are Anot applicable.@  

The
judgments of the trial court are modified to replace the term Aopen@ with Anot applicable@; and, as modified, the judgments are affirmed.  

 

PER CURIAM

 

June 27, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]TEX. PENAL CODE ANN. '
22.021 (Vernon Supp. 2002).





     [2]TEX. PENAL CODE ANN. '
22.01 (Vernon Supp. 2002).





     [3]TEX. PENAL CODE ANN. '
22.02 (Vernon 1994).